FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 12, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THERESA B.,[1]<br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW M. SAUL,[2]<br>　　　　　　Defendant. | No. 1:18-cv-03158-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 14, 15 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. The parties consented to proceed before a magistrate judge. ECF No.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

[2] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's Motion, ECF No. 14, and grants Defendant's Motion, ECF No. 15.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

1    If the severity of the claimant's impairment does not meet or exceed the

2    severity of the enumerated impairments, the Commissioner must pause to assess

3    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4    defined generally as the claimant's ability to perform physical and mental work

5    activities on a sustained basis despite his or her limitations, 20 C.F.R. §

6    404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

7    At step four, the Commissioner considers whether, in view of the claimant's

8    RFC, the claimant is capable of performing work that he or she has performed in

9    the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is

10   capable of performing past relevant work, the Commissioner must find that the

11   claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

12   performing such work, the analysis proceeds to step five.

13   At step five, the Commissioner considers whether, in view of the claimant's

14   RFC, the claimant is capable of performing other work in the national economy.

15   20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

16   must also consider vocational factors such as the claimant's age, education, and

17   past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of

18   adjusting to other work, the Commissioner must find that the claimant is not

19   disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to

20

other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On January 29, 2015, Plaintiff filed an application for disability insurance benefits, alleging an onset date of August 20, 2014. Tr. 174-75. The application was denied initially, Tr. 110-16, and on reconsideration, Tr. 117-22. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on June 7, 2017. Tr. 35-73. On August 25, 2017, the ALJ denied Plaintiff's claim. Tr. 12-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 20, 2014, the alleged onset date. Tr. 18. At step two, the ALJ found plaintiff had the following severe impairments: morbid obesity, osteoarthritis of the knees, right Achilles tendonitis, bilateral carpal tunnel syndrome (CTS), obstructive sleep apnea, major depressive disorder, and anxiety disorder. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of a listed impairment. *Id.* The ALJ then found Plaintiff had the RFC to perform sedentary work with the following limitations:

> [S]he can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl, and never climb ladders/ropes/scaffolds. Further, she can frequently handle and finger bilaterally. She should have no more than occasional exposure to extreme cold, extreme heat, humidity, and vibration, and no exposure to hazards, such as moving mechanical parts and unprotected heights. [Plaintiff] is further limited to performing jobs with a reasoning level of 2 or less. She can perform simple and routine tasks, simple work-related decisions with no interaction with the public, as well as, only occasional interaction with coworkers and supervisors. She is limited to tolerating occasional changes in routine work setting.

Tr. 19-20.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 25. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as taper, general table worker, and final assembler. Tr. 26. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from August 20, 2014 through August 25, 2017, the date of the ALJ's decision. Tr. 27.

On June 25, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. ECF No. 14. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated Plaintiff's symptom testimony;

2. Whether the ALJ properly considered the medical opinion evidence;

3. Whether the ALJ properly considered the listed impairments at step three;

4. Whether the ALJ's duty to develop the record was triggered; and

5. Whether the ALJ relied on an incomplete hypothetical at step five.

ECF No. 14 at 11.

**DISCUSSION**

**A. Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to discount her symptom testimony. ECF No. 14 at 15-16.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation

marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R.

§ 404.1529(c). The ALJ is instructed to "consider all of the evidence in an

individual's record," "to determine how symptoms limit ability to perform work-

related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's impairments could reasonably be expected to

cause the alleged symptoms; however, Plaintiff's statements concerning the

intensity, persistence, and limiting effects of those symptoms were not entirely

consistent with the evidence. Tr. 21.

*1. Daily Activities*

The ALJ found Plaintiff's symptom complaints were inconsistent with her

daily activities. Tr. 21. The ALJ may consider a claimant's activities that

undermine reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001). If a claimant can spend a substantial part of the day engaged in pursuits

involving the performance of exertional or non-exertional functions, the ALJ may

find these activities inconsistent with the reported disabling symptoms. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

Here, the ALJ found Plaintiff reported performing daily activities that were inconsistent with Plaintiff's claims of total impairment. Tr. 21; *see* Tr. 283 (Plaintiff reported caring for young children and changing diapers; Plaintiff reported no limitations in personal care); Tr. 284 (Plaintiff reported doing laundry and ironing while sitting down all day); Tr. 395 (Plaintiff reported no limitations in personal care, being able to stand for up to 60 minutes followed by 30 minutes of rest, and being able to do all household chores in 20 minute spurts). The ALJ also found that despite Plaintiff's testimony that pain limited her ability to use her hands, Plaintiff reported daily activities involving hand use without pain limitations. Tr. 20-21; *compare* Tr. 46, 50 (Plaintiff testified she could type or crochet for five minutes at a time) *with* Tr. 361 (Plaintiff reported helping around the house more and doing paintings on walls without reporting limitations from hand pain); Tr. 395 (Plaintiff reported driving without reporting limitations from

hand pain); Tr. 543 (Plaintiff reported making quilts and clothing for her granddaughter without reporting limitations from hand pain). The ALJ reasonably concluded that these activities were inconsistent with Plaintiff's symptom testimony and supported an RFC limiting Plaintiff to no more than two hours of standing and/or walking in an eight-hour workday. Tr. 21. Plaintiff's daily activities provided clear and convincing reason to give less weight to Plaintiff's symptom testimony.

### 2. *Improvement with Treatment*

The ALJ found Plaintiff's symptom testimony was not supported by her record of improvement with treatment. Tr. 21-23. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

Here, the ALJ noted Plaintiff reported improvements in her mental health symptoms with treatment. Tr. 21-22; *see* Tr. 365 (Plaintiff reported depression was well controlled with medication and counseling); Tr. 370 (Plaintiff reported no longer crying after starting Abilify); Tr. 374 (Plaintiff reported improved mood and sleep since starting Abilify); Tr. 377 (Plaintiff continued to report improved mood

and sleep with Abilify); Tr. 380 (Plaintiff reported feeling a lot better with Abilify); Tr. 389 (Plaintiff reported anxiety well controlled with Effexor); Tr. 496 (Plaintiff reported depression stable and no panic attacks with medication and therapy). The ALJ also noted Plaintiff reported improvement in her physical symptoms with treatment. Tr. 22-23; *see* Tr. 565 (Plaintiff reported significantly less body pain with Cymbalta); Tr. 569 (Plaintiff reported decreased pain in wrists, elbows, hips, and knees with medication); Tr. 584 (Plaintiff reported reduced pain and swelling in her foot with physical therapy and massage). The ALJ reasonably concluded that this record of improvement was inconsistent with the severe impairments Plaintiff alleged. Tr. 22-23. Furthermore, Plaintiff did not challenge these findings. ECF No. 14 at 15-16. Thus, any challenge to these findings is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). Plaintiff's improvement with treatment provided clear and convincing, and unchallenged, reason to give less weight to Plaintiff's subjective symptom testimony.

### 3. Lack of Supporting Medical Evidence

The ALJ found the level of impairment Plaintiff alleged was not supported by the medical evidence. Tr. 22-23. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601; *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2). Here, the ALJ found that the objective medical evidence did not support the severe exertional and manipulative limitations Plaintiff described. Tr. 22-23; *see* Tr. 396 (Plaintiff could make a full fist with either hand, touch her thumb to the tip of each finger, turn a doorknob, tie a pair of shoes, manipulate a button, and pick up a coin with either hand); Tr. 398 (strength full and bilaterally symmetrical in all major muscle groups of upper and lower extremities, grip is full and bilaterally symmetrical, muscle bulk and tone normal). Additionally, the ALJ noted Plaintiff's treatment notes failed to document any need for Plaintiff to elevate her legs and failed to indicate her use of a cane was medically necessary or medically prescribed. Tr. 23. The ALJ reasonably

concluded that the objective evidence did not support the level of mobility and manipulative impairments Plaintiff alleged. Tr. 22-23. Furthermore, Plaintiff did not challenge this finding. ECF No. 14 at 15-16. Thus, any challenge to this reason is waived. *See Carmickle*, 533 F.3d at 1161 n.2; *Kim*, 154 F.3d at 1000. The lack of support in the medical evidence coupled with the other reasons articulated provided clear and convincing reasons to give less weight to Plaintiff's subjective symptom testimony.

## B. Medical Opinion Evidence

Plaintiff challenges the ALJ's consideration of the opinion of Michael Stevens, LCSW. ECF No. 14 at 13-15.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of

specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-831). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Plaintiff's challenges the ALJ's consideration of the opinion of Mr. Stevens, Plaintiff's treating therapist. ECF No. 14 at 13-15. As a therapist, Mr. Stevens is not an acceptable medical source. 20 C.F.R. § 404.1502 (acceptable medical sources are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, qualified speech-language pathologists, licensed

audiologists, licensed advanced practice registered nurses, and licensed physician assistants). An ALJ is required to consider evidence from non-acceptable medical sources. 20 C.F.R. § 404.1527(f). An ALJ must give reasons "germane" to each source in order to discount evidence from non-acceptable medical sources. *Ghanim*, 763 F.3d at 1161.

Mr. Stevens completed a form on February 17, 2016 opining Plaintiff had moderate limitations, defined as significant interference with basic work-related activities, in her ability to understand and remember detailed instructions, her ability to maintain attention and concentration for extended periods, her ability to work in coordination with or proximity to others without being distracted by them, her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, her ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and that Plaintiff would more probably than not miss four or more days of work per month due to mental impairments. Tr. 420-22. The ALJ gave great weight to Mr. Stevens' opinions limiting Plaintiff to simple work and limiting social interaction, but gave little weight to the remainder of Mr. Stevens' opinions regarding ability to complete a workday and workweek without interruption from symptoms,

performing at a consistent pace without an unreasonable number and length of rest periods, and missing four or more days of work per month.  Tr. 24-25.

First, the ALJ found Mr. Stevens' opinions were inconsistent with his own treatment notes.  Tr. 25.  An ALJ may reject opinions that are internally inconsistent.  *Nguyen*, 100 F.3d at 1464.  An ALJ is not obliged to credit medical opinions that are unsupported by the medical source's own data.  *Tommasetti*, 533 F.3d at 1041.  Here, the ALJ noted that despite opining Plaintiff would be substantially limited by depression and anxiety symptoms, Mr. Stevens' treatment notes document Plaintiff reporting her symptoms were manageable with medication.  Tr. 25; *compare* Tr. 422 (opining Plaintiff would miss four or more days of work per month due to depression and anxiety symptoms) *with* Tr. 424 (Plaintiff reestablished care for depression with Mr. Stevens after a one-year absence and reported that her depression had been manageable with medication for the last year).  This was a germane reason to give less weight to Mr. Stevens' opinions.

Second, the ALJ found Mr. Stevens' opinions were inconsistent with Plaintiff's other records of improvement with treatment.  Tr. 25.  Inconsistency with the medical evidence is a germane reason for rejecting lay witness testimony.  *See Bayliss*, 427 F.3d at 1218; *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons include inconsistency with medical evidence, activities, and

ORDER - 18

reports).  Here, the ALJ observed that Mr. Stevens' opinions were inconsistent

with Plaintiff's other treatment notes documenting improvement in her mental

health symptoms with treatment.  Tr. 25; *see* Tr. 365 (Plaintiff reported depression

was well controlled with medication and counseling); Tr. 370 (Plaintiff reported no

longer crying after starting Abilify); Tr. 374 (Plaintiff reported improved mood and

sleep since starting Abilify); Tr. 377 (Plaintiff continued to report improved mood

and sleep with Abilify); Tr. 380 (Plaintiff reported feeling a lot better with

Abilify); Tr. 389 (Plaintiff reported anxiety well controlled with Effexor); Tr. 496

(Plaintiff reported depression stable and no panic attacks with medication and

therapy).  This was a germane reason to give less weight to Mr. Stevens' opinions.

Third, the ALJ found Mr. Stevens' opinions were not sufficiently explained.

Tr. 25.  Failure to provide support or explanation is a germane reason to discredit

opinion of nonacceptable medical source.  *Molina*, 674 F.3d at 1111-12.  Here, Mr.

Stevens' report contains minimal narrative explanation.  Tr. 420-22.  In light of the

inconsistencies between Mr. Stevens' opinion and his own treatment notes, as well

as Plaintiff's other treatment notes, the ALJ reasonably concluded that the minimal

narrative in Mr. Stevens' report did not sufficiently explain the significant

limitations Mr. Stevens opined.  Tr. 25.  This was another germane reason to give

less weight to Mr. Stevens' opinions.

ORDER - 19

Plaintiff generally urges this Court to reconsider the evidence and give greater weight to Mr. Stevens' opinion. ECF No. 14 at 14-15. The Court "may neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Blacktongue v. Berryhill*, 229 F. Supp. 3d 1216, 1218 (W.D. Wash. 2017) (citing *Thomas*, 278 F.3d at 954). The Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record. *See Tommasetti*, 533 F.3d at 1038 ("[W]hen the evidence is susceptible to more than one rational interpretation" the court will not reverse the ALJ's decision). Here, the ALJ's findings that Mr. Stevens' opinions were inconsistent with his own treatment notes, other treatment notes, and insufficiently explained were based on a rational interpretation of the evidence. Plaintiff is not entitled to remand on these grounds.

**C. Step Three**

Plaintiff contends the ALJ erred by failing to find Plaintiff's impairments met Listing 1.02A. ECF No. 14 at 17. At step three, the ALJ must determine if a claimant's impairments meet or equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). The Listing of Impairments "describes each of the major body systems impairments [which are considered] severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." 20 C.F.R. § 404.1525. To meet a listed impairment, a

claimant must establish that she meets each characteristic of a listed impairment

relevant to her claim. 20 C.F.R. § 404.1525(d). If a claimant meets the listed

criteria for disability, she will be found to be disabled. 20 C.F.R.

§ 404.1520(a)(4)(iii). The claimant bears the burden of establishing she meets a

listing. *Burch*, 400 F.3d at 683. "An adjudicator's articulation of the reason(s)

why the individual is or is not disabled at a later step in the sequential evaluation

process will provide rationale that is sufficient for a subsequent reviewer or court

to determine the basis for the finding about medical equivalence at step 3." SSR

17-2P, 2017 WL 3928306, at *4 (effective March 27, 2017).

Plaintiff asserts the ALJ should have found Plaintiff met Listing 1.02A for

major dysfunction of a joint. ECF No. 14 at 17. Listing 1.02A is "[c]haracterized

by gross anatomical deformity … and chronic joint pain and stiffness with signs of

limitation of motion or other abnormal motion of the affected joint(s), and findings

on appropriate medically acceptable imaging of joint space narrowing, bony

destruction, or ankylosis of the affected joints" and "[i]nvolvement of one major

peripheral weight-bearing joint … resulting in inability to ambulate effectively."

20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.02A. "Inability to ambulate effectively"

means "insufficient lower extremity functioning … to permit independent

ambulation without the use of a hand-held assistive device that limits the

functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1,

1.00B(2)(b). Plaintiff cites her own symptom reporting in her hearing testimony

and as documented in her treatment notes, and one observation of slow and

waddling gait, as evidence that the ALJ should have identified as meeting Listing

1.02A. ECF No. 14 at 17 (citing Tr. 51-55, 212, 385, 394-96, 500). However, for

reasons discussed *supra*, the ALJ found Plaintiff's symptom testimony was not

entirely consistent with the evidence. Tr. 21. Additionally, although Plaintiff cites

evidence discussing her reported difficulty walking and use of a cane or walking

boot, this evidence does not establish that Plaintiff's ambulation required the use of

a hand-held assistive device that limits the functioning of both upper extremities.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.00B(2)(b). Therefore, Plaintiff fails to show

legal error in the ALJ's conclusion that Plaintiff's impairments did not meet or

medically equal Listing 1.02A.

### D. Duty to Develop Record

Plaintiff contends the ALJ erred in failing to develop the record by failing to

call a medical expert. ECF No. 14 at 17-18. The ALJ has an independent duty to

fully and fairly develop a record in order to make a fair determination as to

disability, even where, as here, the claimant is represented by counsel. *Celaya v.*

*Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *see also Tonapetyan v. Halter*, 242

F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir.

1996). "Ambiguous evidence, or the ALJ's own finding that the record is

ORDER - 22

inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *See Tonapetyan*, 242 F.3d at 1150 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

Plaintiff asserts the ALJ erred by declining to call a medical expert upon Plaintiff's attorney's request to determine whether Plaintiff met Listing 1.02A. ECF No. 14 at 18. However, Plaintiff's attorney's mere request for a medical expert does not trigger the ALJ's duty to develop the record. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered *only when* there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.") (emphasis added). Plaintiff fails to identify any ambiguity in the record to trigger the ALJ's duty to develop the record. ECF No. 14 at 17-18. As discussed *supra*, there is no evidence in the record to indicate Plaintiff required the use of a hand-held assistive device that limits the functioning of both upper extremities in order to ambulate, which is required to meet Listing 1.02A. 20 C.F.R. Pt. 404, Subpt. P, App. 1. Accordingly, the record was not ambiguous as to whether Plaintiff met Listing 1.02A. The ALJ had no duty to develop the record on this issue.

**E. Step Five**

Plaintiff argues the ALJ erred at step five. ECF No. 14 at 18-19. At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to

establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran*, 700 F.3d at 389. Plaintiff contends the ALJ's step five finding was based on an incomplete hypothetical posed to the vocational expert. ECF No. 14 at 18-19. However, Plaintiff's argument is based entirely on the assumption that the ALJ erred in considering the medical opinion evidence and Plaintiff's symptom claims. *Id.* at 19. For reasons discussed throughout this decision, the ALJ's findings regarding Plaintiff's symptom testimony and the medical opinion evidence are legally sufficient and supported by substantial evidence. Thus, the ALJ did not err in finding Plaintiff capable of performing other work in the national economy based on the hypothetical containing Plaintiff's RFC. Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

3. The Court enter **JUDGMENT** in favor of Defendant.

ORDER - 24

1    The District Court Executive is directed to file this Order, provide copies to

2    counsel, and **CLOSE THE FILE**.

3         DATED July 12, 2019.

4                              *s/Mary K. Dimke*
                              MARY K. DIMKE
5                    UNITED STATES MAGISTRATE JUDGE

ORDER - 25